UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NORMAN J. LANGE, JR., | : | Case No. 1:09-cv-821 |
| Plaintiff, | : : | Judge S. Arthur Spiegel |
| vs. | : : | Magistrate Judge Timothy S. Black |
| ENTERPRISE RENT-A-CAR COMPANY AKA ENTERPRISE RENT-A-CAR, LLC, Defendant. | : : : : | |

### REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 4) BE GRANTED AND THIS CASE BE CLOSED

This civil action is currently before the Court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (Doc. 4). Plaintiff did not respond to the motion to dismiss.

### I. FACTUAL BACKGROUND

Plaintiff filed this *pro se* action on November 9, 2009, alleging age discrimination in violation of the Age Discrimination in Employment Act. He contends that Defendant failed to interview him or offer him the management trainee position he sought because of age discrimination.

### II. PROCEDURAL HISTORY

Because Plaintiff did not respond to the motion to dismiss, on December 30, 2009,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

the Court issued an Order directing Plaintiff to show cause why the motion should not be construed as unopposed and granted. (Doc. 6). Plaintiff was ordered to respond to the show cause order by January 15, 2010, but he has failed to do so.

### III.  STANDARD OF REVIEW

####  A.  Fed. R. Civ. P. 12(b)(1)

Motions to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) may consist of a "facial attack," under which the moving party asserts that the allegations of the complaint are not sufficient to establish jurisdiction, or a "factual attack," under which the court may consider evidence to determine if jurisdiction does exist. *O'Bryan v. Holy See,* 556 F.3d 361, 376-77 (6th Cir. 2009). In considering a factual attack, the court looks at evidence outside the pleadings, and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Moreover, even under a facial attack, conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent dismissal. *O'Bryan*, 556 F.3d at 377.

####  B.  Fed. R. Civ. P. 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint.

The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1950 (2009).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a plaintiff's obligation to provide the grounds of [his] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Although the court must accept well-pleaded factual allegations of the complaint as true for purposes of a motion to dismiss, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

After assuming the veracity of all well-pleaded factual allegations, the second step is for the court to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949, 1950 (citing *Twombly*, 550 U.S. at 556, 570). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556).

## IV. ANALYSIS

Plaintiff's failure to respond to the order to show cause warrants dismissal of this action for lack of prosecution and for failure to comply with an order of the Court. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962) (district courts have an inherent power to *sua sponte* dismiss civil actions for want of prosecution); *see also Jourdan v. Jabe*, 951 F.2d 108, 109-110 (6th Cir. 1991).

Moreover, dismissal is also warranted on the merits.

## A. Subject Matter Jurisdiction

A plaintiff is barred from pursuing ADEA claims if he fails to file his complaint in District Court within 90 days of receiving a right-to-sue ("RTS") letter from the EEOC. *See* 29 U.S.C. § 626(e); *Forest v. United States Postal Serv.*, 97 F.3d 137, 140-41 (6th Cir. 1996). The 90 day period begins no later than the fifth day following the EEOC's mailing of a RTS notification to the plaintiff's record residential address. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000).

In the instant case, Plaintiff filed the lawsuit on November 9, 2009. (Doc. 1). However, the EEOC mailed its Notice of Right to Sue to Plaintiff on August 5, 2009. (Doc. 4, Ex. 1). Accordingly, Plaintiff failed to file the lawsuit within the 90 day period after he was presumed to have received the EEOC's RTS notice. *Graham-Humphreys*, 209 F.3d at 557. The Supreme Court requires strict enforcement of the 90 day limit, even when the plaintiff is proceeding *pro se*. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (affirming dismissal of *pro se* Title VII Complaint filed outside 90 day period, stating "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants."). As a result, Plaintiff's lawsuit is time-barred. *Graham-Humpreys*, 209 F.3d at 562 (affirming district court's dismissal of plaintiff's complaint as time-barred because the lawsuit was not filed within 90 days of receiving RTS letter).

Additionally, Plaintiff failed to file his EEOC charge and RTS letter with the record in this case, further justifying dismissal. *See, e.g., Samons v. Cardington Yutaka Tech., Inc.*, No. 2:08-cv-988, 2009 U.S. Dist. LEXIS 20298 (Apr. 7, 2009) (granting employer's motion to dismiss plaintiff's gender discrimination claim because plaintiff did not file the EEOC charge and RTS letter with the record in the case).

### B. 12(b)(6) Standard

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Iqbal* emphasized that conclusory statements and allegations in a plaintiff's complaint are to be rejected in considering a motion to dismiss. *Iqbal*, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."). Secondly, even when a complaint contains well pleaded factual matter, the facts pleaded must establish a "plausible" claim for relief to survive a motion to dismiss. *Id*. at 1950 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "Plausibility" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950 (citation omitted). A complaint that pleads nothing more than the "mere

possibility" of misconduct does not pass muster under Federal Rule of Civil Procedure 8(a)(2).

Here, Plaintiff alleges in conclusory fashion "I believe that I was discriminate [sic] against because of my age." However, Plaintiff fails to allege that Defendant had any knowledge of his age. (Doc. 1). Without allegations of such knowledge, Plaintiff's complaint fails to plead grounds by which Defendant could discriminate "because of" Plaintiff's age. *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343, 2350 (June 18, 2009). Courts have held that a plaintiff's complaint was deficient at the motion to dismiss stage because it failed to plead specific facts indicating that the employer was aware of the alleged discrimination. *Kasten v. Ford Motor Co.*, No. 09-11754, 2009 WL 3628012 (E.D. Mich. Oct. 30, 2009). Here, Plaintiff fails to plead, even in conclusory fashion, that Enterprise had any knowledge of his age. Accordingly, Plaintiff's complaint fails to state a claim.

## IV. CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Doc. 4) be **GRANTED** and this case be **CLOSED**.


Date: February 1, 2010                              s/ Timothy S. Black
                                                    Timothy S. Black
                                                    United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| NORMAN J. LANGE, JR., | : | Case No. 1:09-cv-821 |
| | : | |
| Plaintiff, | : | Judge S. Arthur Spiegel |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| ENTERPRISE RENT-A-CAR COMPANY | : | |
| AKA ENTERPRISE RENT-A-CAR, LLC, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).